UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:10-CV-138

**ROBERT T. BUSH, as Executor**
**of the Estate of ORETHA M. BUSH**                                                   **PLAINTIFF**

v.

**EATON CORPORATION, ET AL.**                                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Remand (Docket #5). Defendants Eaton Corporation and James R. Kinsner have responded (Docket #11). Defendants Cytec Industries, Inc./Cytec Engineered Materials Inc., General Electric Company, Whittaker, Clark, & Daniels, Inc., and Union Carbide Corporation have also responded (Docket #13). Plaintiff has filed a reply (Docket #21). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion is GRANTED.

## BACKGROUND

On March 15, 2010, Oretha Mae Bush filed a complaint in Warren Circuit Court seeking damages for pain and suffering, mental anguish, medical expenses and punitive damages. Mrs. Bush alleged claims of negligence and strict liability against all Defendants for exposing her to asbestos fibers and causing her to develop mesothelioma. The parties engaged in extensive discovery in state court, in the form of interrogatories and numerous depositions. Mrs. Bush filed several motions to compel in state court. A hearing on these discovery motions and a summary judgment motion filed by Defendants was scheduled to occur on September 3, 2010, in Warren Circuit Court.

Defendants Cytec Industries, Inc./Cytec Engineered Materials Inc., General Electric Company, Whittaker, Clark & Daniels, Inc., and Union Carbide Corporation ("Removing

Defendants") removed the case to this Court on September 2, 2010, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Removing Defendants argued that James Ray Kinsner had been fraudulently joined to Mrs. Bush's lawsuit, and Removing Defendants filed their Notice of Removal within thirty days of learning this information. Without Mr. Kinsner as a party, diversity jurisdiction exists. Mrs. Bush filed a motion to remand on September 9, 2010.

Oretha Mae Bush passed away on September 19, 2010. Defendants filed a Suggestion of Death with this Court on October 4, 2010. Robert T. Bush was appointed Executor of the Estate on October 11, 2010, and filed a motion to substitute on October 15, 2010. The Court granted that motion on October 19, 2010, substituting Robert T. Bush, as Executor for the Estate of Oretha Mae Bush, as the party Plaintiff in this action.

The motion to remand is currently pending before the Court.

**STANDARD**

The burden to establish federal jurisdiction lies with the party seeking removal. *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994). Federal jurisdiction should be strictly construed so that it is exercised only when clearly established and any doubt or ambiguity should be resolved in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999); *Breymann v. Pennsylvania, O. & D.R. Co.*, 38 F.2d 209, 212 (6th Cir. 1930).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* A civil action involving a federal

question shall be removed without regard to the citizenship or residence of the parties; however, "[a]ny other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). If a defendant is not properly joined, but rather was joined purely for the purpose of defeating diversity jurisdiction and has no real connection with the controversy, there is fraudulent joinder and federal jurisdiction is appropriate. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c).

## DISCUSSION

Plaintiff claims that the Motion to Remand should be granted on two grounds: first, that there is a colorable claim against Mr. Kinsner that precludes a finding of fraudulent joinder; and second, that even if there is no colorable claim against Mr. Kinsner, all facts needed to determine the lack of a claim were the subject of discovery months ago and accordingly the 30-day time limit to remove has run.

### A. COLORABLE CLAIM

Plaintiff first argues that he has a colorable claim against Mr. Kinsner, defeating Defendants' claim of fraudulent joinder. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action. If the removing party does not demonstrate fraudulent joinder, the district court must remand back to state court based on the lack of subject matter jurisdiction." *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (internal citations omitted). In addition, the "district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party." *Coyne v. American*

3

*Tobacco Co.*, 183 F.3d 488 (6th Cir. 1999) (internal quotations, citations, and edits omitted).

Under Kentucky law, employees are not "protected from personal liability for . . . [their] own intentional misconduct or for negligence based upon a breach of [their] own duty." *Young v. Vista Homes, Inc.*, 243 S.W.3d 352, 363 (Ky. Ct. App. 2007). Similarly, liability is imposed on an employee when they have the ability to control the negligent actions of their employer. *Cincinnati, N.O. & T.P. Ry. Co. v. Robertson*, 74 S.W. 1061 (Ky. Ct. App. 1903).

No Defendant contends that Eaton Corporation met the applicable OSHA standards in regards to asbestos safety. As a result, the only issue is whether Mr. Kinsner had a duty to ensure OSHA standards were met or the ability to control his employer's negligent failure to meet the necessary standards. However, the exact responsibilities of Mr. Kinsner as plant supervisor continue to remain unclear. While Mr. Kinsner claims he had no responsibility for asbestos safety, a memorandum he received in October of 1973 implies otherwise. In that memorandum, there were detailed discussions and recommendations regarding the asbestos laws. In addition, the fact that Mr. Kinsner claims to have had no recollection of being responsible for safety does not mean that such responsibility was not, in fact, properly his. Rather, the fact that the safety changes proposed in the October 1973 memorandum were never implemented seems to suggest that someone failed in fulfilling their duties. One explanation for that failure could be that the person in charge of implementing such changes was not diligent in keeping track of their responsibility for safety. Given the unclear nature of Mr. Kinsner's responsibilities and duties as plant supervisor resolved in the light most favorable to Plaintiff, there is a colorable claim against Mr. Kinsner.

Defendants also generally suggest that Mr. Smith, author of the October 1973 memorandum, properly had the duty of regulatory compliance and asbestos safety. This seems plainly contradicted

4

by the face of the memorandum, where Mr. Smith offers a number of suggestions but seems to be unable to act on them himself. This suggests that someone above Mr. Smith had the responsibility of implementing the necessary safety regulations. As the primary recipient of Mr. Smith's letter, there is no way for this Court to conclusively rule out that such responsibility properly rested with Mr. Kinsner. Accordingly, this Court remands the proceedings back to Warren Circuit Court.

## B. 30 DAY TIME LIMIT

Plaintiff also contends that the removal was not filed within the required 30 day time limit. Plaintiff states that Defendants should have known of any defects in Mr. Kinsner's joinder as of the time he responded to interrogatories. However, Mr. Kinsner was equivocal in his initial responses to discovery, and it was appropriate for Defendants to try and further develop Mr. Kinsner's responses through the deposition before filing the removal. Accordingly, the removal was timely.

## C. FEES AND COSTS

Plaintiff has also included in his motion a request for fees and costs. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales . . ." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "[T]he standard for award fees should turn on the reasonableness of the removal . . . courts may award attorney's fees under § 1447(c) only where the removing party lack an objectively reasonable basis for seeking removal." *Id.* at 141. In the instant case, there was an objectively reasonable basis for seeking removal, and there is no indication that the removal was solely with the intent to delay the proceedings. Accordingly, the motion for fees and costs is DENIED.

## CONCLUSION

Plaintiff has a colorable claim against Mr. Kinsner, which destroys diversity and

necessitates remand.  For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is GRANTED.  The motion for fees and costs is DENIED.